

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 16, 1967

Honorable Robert S. Calvert          Opinion No. M-91
Comptroller of Public Accounts
Austin, Texas                        Re:  Construction of Section 6
                                          of Article XVI of the Con-
                                          stitution of Texas relating
                                          to State participation in
                                          programs financed with funds
                                          from private or federal sour-
                                          ces for establishing and
                                          equipping facilities for
                                          assisting handicapped in-
Dear Mr. Calvert:                         dividuals.

        Your request for an opinion reads, in part, as follows:

        "The following questions are being asked as
a result of a new procedure which the Texas Educa-
tion Agency and the State Commission for the Blind
desire to follow in the administering of the funds
received from the Federal Government and the 25%
of the cost of approved projects to be absorbed by
local and private organizations.

        "Please advise as follows:

        "(1)  Does Section 6, Article XVI permit the
withdrawing of funds from the State Treasury in the
form of a Grant in Aid before expenditures contem-
plated under the Grant in Aid are made?

        "(2)  Under the provisions of Section 6, Article
XVI, if the funds provided for in this provision are
placed in the State Treasury, do the departments
have the right to withdraw funds from the State
Treasury under any basis other than reimbursement
for expenditures covered by agreement between the
State agency, Federal Government, and local or
private organizations?"

-412-

Section 6 of Article XVI of the Constitution of Texas, as adopted by the electorate in 1966, reads as follows:

"(a) No appropriation for private or individual purposes shall be made, unless authorized by this Constitution. A regular statement, under oath, and an account of the receipts and expenditures of all public money shall be published annually, in such manner as shall be prescribed by law.

"(b) State agencies charged with the responsibility of providing services to those who are blind, crippled, or otherwise physically or mentally handicapped may accept money from private or federal sources, designated by the private or federal source as money to be used in and establishing and equipping facilities for assisting those who are blind, crippled, or otherwise physically or mentally handicapped in becoming gainfully employed, in rehabilitating and restoring the handicapped, and in providing other services determined by the state agency to be essential for the better care and treatment of the handicapped. Money accepted under this subsection is state money. State agencies may spend money accepted under this subsection, and no other money, for specific programs and projects to be conducted by local level or other private, nonsectarian associations, groups, and nonprofit organizations, in establishing and equipping facilities for assisting those who are blind, crippled, or otherwise physically or mentally handicapped in becoming gainfully employed, in rehabilitating and restoring the handicapped, and in providing other services determined by the state agency to be essential for the better care or treatment of the handicapped.

"The state agencies may deposit money accepted under this subsection either in the state treasury or in other secure depositories. The money may not be expended for any purpose other than the purpose for which it was given. Notwithstanding any other provision of this Constitution, the state agencies may expend money accepted under this subsection without the necessity of an appropriation, unless the Legislature, by law, requires that the money be expended only on appropriation. The Legislature may prohibit state agencies from accepting money under

this subsection or may regulate the amount of money accepted, the way the acceptance and expenditure of the money is administered, and the purposes for which the state agencies may expend the money. Money accepted under this subsection for a purpose prohibited by the Legislature shall be returned to the entity that gave the money.

"This subsection does not prohibit state agencies authorized to render services to the handicapped from contracting with privately-owned or local facilities for necessary and essential services, subject to such conditions, standards, and procedures as may be prescribed by law."

The provisions of Section 6 of Article XVI of the Constitution of Texas having been adopted at the general election in 1966, there has not been an occasion for the judiciary of this State to construe its provisions.

It is noted that under the foregoing provisions, state agencies are specifically authorized to accept money from private or federal sources for the purposes of assisting physically or mentally handicapped individuals and are further authorized to spend the money accepted for specific programs and projects to be conducted by local level or other private, nonsectarian associations, groups, and non-profit organizations for such purpose. The state agencies may deposit such money either in the State Treasury or other secure depositories. State agencies may contract with privately owned or local facilities for necessary and essential services.

The Legislature may require that the money be expended only on appropriation. However, we are not aware of any statute enacted pursuant to this provision which requires the expenditure of money under this Section to be pursuant to an appropriation.

In view of the explicit language of Section 6 of Article XVI of the Constitution of Texas quoted above, it is our opinion that your questions are governed by the authorities cited in Attorney General's Opinion C-644 (1966) wherein it was held:

"You are therefore advised that it is the opinion of this office that the Governor's Committee on Aging may contract with religious institutions for the performance of services that are within the scope of authority granted by Article 695k, Vernon's Civil Statutes, and the

Texas State Plan for Implementing the Older
Americans Act of 1965. . . ."

In Attorney General's Opinion C-644 this office relied
on the landmark opinion by the Supreme Court of Kentucky /Kentucky
Building Commission v. Effron, 310 Ky. 355, 220 S.W.2d 836 (1949)/
wherein the Court stated:

"It is well settled that a private agency
may be utilized as the pipe-line through which
a public expenditure is made, the test being not
who receives the money, but the character of the
use for which it is expended." (Emphasis added.)

It is well settled that tax money raised ostensibly for
one purpose cannot be expended for another purpose. Carroll v.
Williams, 202 S.W. 504 (Tex.Sup. 1918). It is our opinion that
this principle would apply to all public monies. Therefore, monies
acquired by this State pursuant to the provisions of Section 6 of
Article XVI may be expended only for the purposes set out therein.
In fact, Section 6 of Article XVI specifically so states. Whenever
the state agency acting pursuant to the provisions of Section 6 of
Article XVI establishes a local program and operates through private,
nonsectarian associations, groups, and nonprofit organizations, such
state agency is actually carrying out the provisions of Section 6 of
Article XVI. No provision is contained in the above quoted Section
of our Constitution which requires the expenditure of such funds
only on a reimbursement basis. On the contrary, Section 6 of
Article XVI specifically states that the state agency is authorized
to contract with privately owned or local facilities for necessary
and essential services. Therefore, the state agencies charged with
responsibility of providing services to those physically or mentally
handicapped may cause such programs to be locally administered
through private, nonsectarian associations, groups, and nonprofit
organizations. This may be accomplished through contracts for the
purpose of establishing services determined by the state agency to
be essential for the better care and treatment of the handicapped
as specifically provided in the Constitution.

Your questions are therefore answered as follows: Sec-
tion 6 of Article XVI permits the withdrawing of funds acquired
pursuant thereto before expenditures are actually made by the or-
ganization administering the program at the local level. The with-
drawing of such funds is not limited to reimbursement for expenditures,
but are governed by the agreement between the state agency, the
federal and local or private organizations, provided the state agency
determines in its discretion that such method is "essential for the
better care and treatment of the handicapped."

### S U M M A R Y

Section 6 of Article XVI of the Constitution of Texas authorizes state agencies charged with responsibility for providing services to those physically or mentally handicapped to spend money accepted under the provisions of Section 6 of Article XVI for specific programs and projects. Such programs may be conducted by "local level or other private, nonsectarian associations, groups, and nonprofit organizations" in providing services determined by the state agency to be essential for the better care or treatment of the handicapped. It is not required that expenditure of state money be made only on a reimbursement basis, but only that a contractual obligation pursuant to the provisions of Section 6 of Article XVI be created.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Pat Bailey
Dyer Moore
Malcolm Quick
Neil Williams

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.